UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENALASYS CORPORATION,<br><br>                          Plaintiff,<br>v.<br>JAMES ERIC TAYLOR, et al.,<br>                        Defendants. | Case No.: 19cv1153-LAB (JLB)<br><br>**ORDER DENYING MOTION FOR REMAND OR ABSTENTION;**<br>**AND**<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>**[Docket numbers 4, 6.]** |

       Plaintiff Enalasys Corporation removed this case[1] from California state court, citing 28 U.S.C. §§ 1334 and 1452.

       According to the operative complaint, Enalasys' shareholders fired and replaced the board of directors around December 6, 2018. The new board in turn fired all the corporation's officers, including its president, Eric Taylor. Enalasys alleges that after Taylor found out he had been removed, he unauthorizedly

---

[1] This case includes only three of the five claims from Enalasys' operative complaint. Eric Taylor's cross-complaint was not removed, and remains pending but stayed in state court.

withdrew over $200 from the corporate bank account, refused to cooperate with the transfer of power, and withheld over $6 million worth of corporate assets. Enalasys brought action in Imperial County Superior Court, obtaining a temporary restraining order and preliminary injunction. On May 17, it filed its third amended complaint. Enalasys says it is in possession of less than $50,000 worth of the $6 million in assets. The $6 million figure is based on an earlier representation by Taylor, so it is unclear whether the allegedly missing assets are still worth that much. Nevertheless, according to the complaint and injunction, Enalasys is seeking both money and important company assets from Taylor, including real property, software, technology, access to accounts, and records, many of which are identified as necessary to keep running the company. (*See* Docket no. 6, Ex. B (order granting preliminary injunction).)

On May 23, 2019, Defendants filed a demurrer. That same day, Enalaysis filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the Central District of California, Santa Ana division, which bears case number 19bk11987-MW. Enalasys seeks to have this action transferred to the Central District. Defendants have moved to remand or abstain.

**Motion to Remand or Abstain**

Defendants do not dispute that this case is related to the Chapter 11 bankruptcy proceeding, and the Court therefore has original jurisdiction over it under 28 U.S.C. § 1334(b). Instead, they argue the Court is required to abstain under § 1334(c)(2). Alternatively, they argue the Court should exercise its discretion to abstain under § 1334(c)(1).

Defendants Taylor and Greennet IOT, LLC ask the Court to take judicial notice of Enalasys' web page, which includes its address in El Centro in Imperial County, along with a map, taken from the website www.enalasys.net. It appears they intend this to support the argument that Santa Ana is an inconvenient venue and that El Centro is convenient for Enalasys. Enalasys disputes the address,

however, and it is not clear the address as given on the web page is current. Defendants are not sure of the date, but believe it appeared online in either December, 2018 or January, 2019. Enalasys disputes that this is its current address. The address on Enalasys' website (at the address given in the requires for notice) is in Newport Beach. The Court can, and does, take judicial notice of the location of El Centro, but as to other facts, the request is denied.

**Mandatory Abstention**

The Court must abstain under § 1334(c)(2) if five conditions are met: (1) the motion is timely; (b) the claim is based on state law; (c) the claim is not based on bankruptcy law and did not arise in a bankruptcy case; (d) the claim could not have been filed in federal court absent bankruptcy jurisdiction; and (e) the claim must be capable of being timely adjudicated in state court. *See Bally Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 569 (Bkrtcy. N.D. Cal., 2008). The absence of even one element means abstention is not mandatory. *Id.* at 572. Although describing it as "mandatory" might suggest it is not jurisdictional, and can be waived. *In re Brumfiel*, 2015 WL 5895213 at *6 (BAP 10th Cir. Oct. 8, 2015).

Three of the five requirements for mandatory abstention are arguably met here. For reasons discussed below, (c) does not appear to be met. But most notably, Defendants have not met their burden of showing that the case can be timely adjudicated in state court. *See In re First Alliance Mortg. Co.*, 269 B.R. 449, 455 (C.D. Cal., 2001) ("[T]he party moving for abstention will bear the burden of demonstrating that a state court action can be timely adjudicated."); *In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. 768, 779 (Bkrtcy. S.D. Oh. 1991) (rejecting unsubstantiated assertion that state court action could be timely adjudicated).

Enalasys represents that the entire case in state court is stayed, pursuant to the mandatory stay under 11 U.S.C. § 362(a)(1), and that to have the case heard in state court, it would have to initiate a new adversary proceeding in the Central

District's bankruptcy court. (Docket no. 8-1 at 12:23–28.) Because the automatic stay does not forbid claims by a debtor in possession, *see In re White*, 186 B.R. 700, 704 (BAP 9th Cir., 1995), this apparently means the state court has entered a stay.[2] In any event, all activity in the state court docket seems to have stopped at the time of the bankruptcy filing, and nothing in the record suggests it might restart before the bankruptcy proceedings conclude.

Defendants have not disputed that the state case is subject to the automatic stay, and have not adequately responded to Enalasys' argument that the claims could not be timely adjudicated if remanded. Rather, in a separate section they argue that the case "can be at issue and set for trial within 6 month[s] *after the stay is lifted* and a trial set within 1 year after that if [ ] normal procedures are followed." (Docket no. 6 at 5:24–25 (emphasis added).) In a separate section of their reply brief (following the discussion of discretionary abstention), Defendants offered to stipulate to the stay's being lifted, but only "if Debtor also agrees the case can proceed as suggested by moving parties." (Docket no. 9 at 5:16–21.) Apparently Defendants have a bargain in mind which the brief does not disclose. They do not show why the proffered stipulation would be effective at persuading either the bankruptcy court to grant relief from the automatic stay or the state court to lift the stay as to all claims. And it appears likely creditors would object, particularly if the conditions Defendants wish to impose include permitting the counterclaim against Enalasys to go forward.

Enalasys also argues that abstention under § 1334(c)(2) does not apply because the removed claims are core proceedings, over which the Court has

---

[2] Neither party provided the state court docket, which is not readily available to the Court. But allowing only those claims not automatically stayed to go forward is likely to be awkward, and in the interests of efficiency and fairness it is likely a court would decline to try the case piecemeal.

4

original jurisdiction. The Court agrees the claims are predominantly core claims under 11 U.S.C. § 157(b)(2)(E) and (O), because the action attempts to compel Taylor to turn over nearly $6 million in Enalasys' (and thus the estate's) assets it alleges he is wrongfully withholding. *See In re Nat'l Equipment & Mold Corp.*, 64 B.R. 239 (N.D. Oh., 1986) (holding that state law action for conversion to recover assets wrongly taken from the debtor shortly before filing Chapter 11 should be treated as core). *See also In re Kincaid*, 917 F.2d 1162, 1165 (9th Cir. 1990) (distinguishing between claims seeking to obtain property of the debtor from claims seeking to obtain property owed to the debtor). The action also sought injunctive relief intended to prevent the dissipation of Enalasys' assets, and a preliminary injunction granting such relief was already granted. Enalasys has consented to entry of final judgment by the bankruptcy judge for any claims found to be non-core.

Because all five elements are not established, mandatory abstention does not apply here.

**Discretionary Abstention**

A seven-factor test has been established for discretionary abstention:

> (a) the effect of the action on the administration of the bankruptcy estate; (b) the extent to which issues of state law predominate; (c) the difficulty of applicable state law; (d) comity; (e) the relatedness or remoteness of the action to the bankruptcy case; (f) the existence of a right to a jury trial; and (g) prejudice to the party involuntarily removed from state court.

*Bally*, 384 B.R. at 572 (citing *Williams v. Shell Oil*, 169 B.R. 684, 690–93 (S.D. Cal. 1994).)

The opening brief does not mention this test or discuss most of these factors, instead focusing on the inconvenience of litigating in Santa Ana, which pertains to factor (g). Most of Defendants' argument is focused on venue which the reply brief concedes is not at issue. The test is mentioned and the remaining factors are

discussed for the first time in the reply brief. *See Sundby v. Marquee Funding Group, Inc.*, 2020 WL 434487, slip op. at *7 (S.D. Cal., Jan. 28, 2020). Enalasys had no reason to discuss these factors, and did not do so. But even if they had been adequately raised in the opening brief, however, the result would be the same.

The first factor generally weighs against abstention, because the action is intended both to protect the state's assets, and to recover lost assets which can be added to the estate. Moreover, the cause of action itself belongs to the estate. *See In re White*, 186 B.R. 700, 703 (BAP 9th Cir. 1995). Defendants' reply brief treat the first factor as the effect of the *transfer* on the case. The second factor, predominance of state law, is mixed. The claims are based on state law, which weighs in favor of abstention. Yet the majority are core claims, because they seek an order requiring the turnover of estate property. The third factor, difficulty of applicable state law, is neutral. The fourth factory, comity, arguably weighs against transfer. *See Bally*, 384 B.R. at 573. That being said, the state court has apparently stayed the action, while waiting for the bankruptcy court to act. The fifth factor favors transfer, because the case seeks to recover Enalasys' substantial corporate assets. Factor six, the right to a jury trial, is mixed. With regard to "turnover" claims and other claims for injunctive relief, Defendants have no right to a jury trial. Enalasys has consented to allow the bankruptcy judge to enter final judgment as to any non-core claims. Defendants likely will not consent, although their brief does not explicitly say so. Rather, they merely argue that the state court is "better equipped to handle a jury trial than the bankruptcy court . . . ." (Docket no. 9 at 5:1–3.)

Defendants focus on the seventh factor, prejudice to them. This focuses entirely on the inconvenience and increased expense of litigating in Santa Ana. The briefing points out that most of the Defendants, Defendants' counsel, and many of the likely witnesses reside in Imperial County. They argue that Enalasys

1 has its offices in El Centro although that does not appear to be the case. Trying
2 the case in the Central District may present some challenges, if witnesses must be
3 subpoenaed for trial or hearings.

4 Defendants have also raised other arguments in declarations attached to the
5 motion. While the Court ordinarily expects arguments to be raised in the body of
6 the motion, it will consider these for purposes of making an informed and equitable
7 ruling. These declarations (Docket no. 6, Exh. B–D) argue that Enalasys' creditors
8 are mostly located in Imperial County. This does not advance their argument,
9 because creditors are not parties to the removed claims. And to the extent any
10 creditors want to appear in the bankruptcy action, they would have to go to Santa
11 Ana regardless of how the Court rules on this motion. Other cross-plaintiffs in the
12 state court action do not need to go to Santa Ana or hire counsel there, because
13 their claims were not removed. Furthermore, there is little reason to think that most
14 creditors would seek involvement in this case.

15 The declarations also show that litigating in Santa Ana will be less convenient
16 for counsel, and probably more expensive. Hiring or associating local counsel
17 could solve this problem, and there is no reason to think it would be difficult to do
18 this in Orange County. It would likely be more expensive, and Defendants' choice
19 of counsel may be affected. One Defendant, Joseph Werner, says he cannot
20 afford to hire counsel in Orange County or to defend himself there, although it is
21 not clear what he bases this on. Taylor's declaration says he has run out of cash
22 and cannot hire counsel in Santa Ana, though he does not know whether he can
23 raise more money. The only reason this would weigh in favor of abstention is if he
24 raises enough money to pay counsel and litigate in El Centro, but not enough to
25 litigate in Santa Ana, and whether that will happen (or has happened) is unknown.
26 It may be that he will raise enough money to pay for counsel in either Santa Ana
27 or El Centro, or that he cannot pay for counsel either place.
28 / / /

7

19cv1153-LAB (JLB)

Defendants also argue that Enalasys is engaging in forum shopping, and removed the case to avoid dismissal. Two earlier complaints were dismissed following demurrers, but it is unknown whether the third would have been. The fact that federal pleading standards are stricter somewhat weakens this argument. And the fact that Enalasys obtained both a temporary restraining order and a preliminary injunction weakens it even more.

Even if the issue had been properly raised, and Enalasys had been afforded a fair opportunity to oppose it, the Court having weighed all the factors would deny discretionary abstention.

**Motion to Transfer**

Following removal, the party removing the case may file a motion to change venue, which may be granted either for the convenience of the parties or in the interest of justice. 28 U.S.C. §§ 1412, 1452. *See Hightman v. FCA US LLC*, 2009 WL 3780272, slip op. at *3 (S.D. Cal., Aug. 12, 2019) (holding that the two bases for transfer under § 1412 are disjunctive, and either one warrants transfer). Enalasys relies on the interest of justice rather than convenience of the parties. With exceptions not applicable here, the general policy of the bankruptcy code is that all proceedings in the bankruptcy case be conducted in the district where the petition was filed. *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984). *See also Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*, 2008 WL 425638, at *1 (N.D. Cal., Feb. 14, 2008) (holding that transfer under 28 U.S.C. § 1412, unlike transfer under § 1404, carries a presumption in favor of the court where the bankruptcy case is pending).

In addition to this presumption, factors the Court may consider in determining whether the interest of justice warrants transfer include the economics of estate administration, judicial economy, whether the parties would receive a fair trial, whether the judgment would be enforceable, whether either forum has an interest in having the controversy resolved within its borders, and the plaintiff's original

8

19cv1153-LAB (JLB)

choice of forum. *Hightman*, 2019 WL 3780272 at *4; *Reid-Ashman*, 2008 WL 425638 at *2. The Court also considers the convenience of the parties. *Id.* (citing *In re Bruno*, 227 B.R. 311, 325 (S.D. Ala., 1998)). The Court is also mindful of the need to secure the speedy resolution of cases. *See* Fed. R. Civ. P. 1.

Most of the arguments in favor of or against transfer are subsumed within addressed in the abstention analysis, *supra*. Neither party has suggested that the case belongs anywhere other than in El Centro or Santa Ana.

Adding to the earlier analysis, the fact that the transfer would move proceedings within Southern California is important. The fact that the transfer would be between two courts in the same state ameliorates many of the concerns. State borders play no role here, and federal judges in Santa Ana regularly and ably interpret and apply California law. There is no concern that the bankruptcy court will not competently and fairly adjudicate the claims.

Travel between the two venues is feasible, though daily commuting over a long period of time is impractical. Santa Ana and El Centro are less than 200 miles apart, and driving between them can take from 3 to 3½ hours, if conditions are reasonably good. This is not ideal for Defendants and witnesses, but not terribly onerous either. The bankruptcy court can make arrangements to minimize inconvenience and expense to them. It is much more convenient for Enalasys than El Centro would be. Enalasys represents that its headquarters are now in Orange County. Even setting that aside, Enalasys is already litigating in Santa Ana. The Court finds the convenience to the parties weighs somewhat against transfer, but not strongly.

The Plaintiff's choice of forum does not carry any great weight here, in part because the Plaintiff itself is seeking transfer. Defendants likely had no choice about where to file their cross-complaint. But even characterizing their filing it in El Centro as a forum choice does not change the analysis, because the cross-complaint was not removed and will not be transferred.

Administration of the estate, and judicial economy are important factors here, and both weigh in favor of transfer. Enalasys' claims seek the turnover of assets that are both important for its own continued operation and would become part of the estate. The state court apparently is not prepared to adjudicate the case until bankruptcy proceedings end. And waiting until the bankruptcy proceeding ends to adjudicate those claims makes little sense. To the extent the claims are core claims, federal policy favors transferring them to the court where the bankruptcy is pending. *See In re Burley*, 738 F.2d at 988.

Having considered and weighed these factors, the Court concludes that transfer would serve the interest of justice.

**Conclusion and Order**

Having considered the arguments, and having weighed the relevant factors, the Court **DENIES** the motion for abstention or remand, and **GRANTS** the motion to transfer.

This action is **ORDERED** transferred to the United States Bankruptcy Court for the Central District of California.

**IT IS SO ORDERED**.

Dated: March 12, 2020

Hon. Larry Alan Burns
Chief United States District Judge

10
19cv1153-LAB (JLB)